Tichenor *v.* Tichenor.

| 43 | 163 |
|----|-----|
| 45 | 303 |

Francis M. Tichenor, appellant,

*v.*

James F. Tichenor and Oscar B. Mockridge, executors &c. of James H. Tichenor, deceased, respondents.

James F. Tichenor, executor &c. of James H. Tichenor, deceased, appellant,

*v.*

Francis M. Tichenor, respondent.

1. After a testator's death one of his executors occupied his homestead, agreeing with one of his co-executors to pay a certain rent therefor monthly. The co-executor afterwards secured another tenant, A, who offered an increased rent if the executors would repair the premises so as to be tenantable, which they refused to do because of the large expense, and the executor continued in possession without objection by the exceptant.—*Held,* that, as he paid the full rental value of the property in its unrepaired condition, he could not be charged with the amount offered by A as rent, but that as he has not paid any rent and has had the use of the money with which he should have paid rent, he must pay interest on the rent reserved from the end of each month during his tenancy, and that his co-executor is not liable to the estate therefor.

2. Where a devisee and legatee is also an executor and excepts to his co-executor's account in the former capacity, his testifying does not remove the statutory bar that prevents his co-executor from being a witness in his own behalf to establish his individual claim against the estate at the hearing of the exceptions to his account.

On appeal from decree of the Essex county orphans court.

*Mr. John W. Taylor,* for Francis M. Tichenor.

*Mr. Frederic W. Stevens,* for James F. Tichenor.

*Mr. Elwood C. Harris,* for Oscar B. Mockridge.

THE ORDINARY.

Two appeals from a decree of the orphans court of Essex county upon exceptions filed by Francis M. Tichenor as a residuary legatee and devisee under the will of James H. Tichenor, deceased, to the account of James F. Tichenor and Oscar B. Mockridge, two of the executors of that will, are here considered.

One of those appeals is by the exceptant below, Francis M. Tichenor, because the decree charges the accounting executors with $1,330 for the rent of the homestead of the decedent from October 1st, 1883, to December 1st, 1886, instead of the sum of $1,810 and interest.

The homestead was occupied by James F. Tichenor, one of the executors, during the period mentioned. He entered into possession on the 1st of October, 1883, in pursuance of an agreement with his co-executor, Mockridge, that he should pay $35 a month to the estate and make all repairs that he should require at his individual expense until the 1st of April, 1884. On the 1st of April, 1884, Mockridge had secured a person who was willing to lease the property and pay $50 a month if the executors would put the house in good, tenantable repair. Influenced by the facts that the necessary repairs would cost the estate $300 or $400 and that James F. Tichenor desired to remain in the house under the arrangement then existing with him, the offered tenant was not accepted, and the occupant of the house was suffered to continue in possession upon the terms he made when he took that possession. To this arrangement the appellant made no objection. The property was very much out of repair and it satisfactorily appears, by proofs, that as it was, unrepaired, its rental value did not exceed the amount which James F. Tichenor agreed to pay.

The decree is correct so far as it fixes the rental value of the

Tichenor v. Tichenor.

property, but it should have charged interest on each month's rent from the time it became due down to the decree's date. No part of the rent was actually paid by James F. Tichenor to his co-executors or to either of them, or even held in readiness by himself to be disbursed for the benefit of the estate. He not only enjoyed the occupancy of the homestead, but also had the use of the moneys with which he should have paid for that occupancy. In addition to this he has also failed to account for the rent, and has compelled the exceptant to surcharge his account. Within familiar rules he must be charged interest upon each month's rent from the time it became due to the date of the decree. *Mott's Case, 11 C. E. Gr. 509 ; Wms. on Exrs. 1848 note; Schouler's Executors and Administrators § 538.*

The respondent, Oscar B. Mockridge, in his answer to the petition of appeal of Francis M. Tichenor, complains that the decree is erroneous in that it charges him as well as James F. Tichenor with the rent of the homestead above mentioned. While it appears in the case that James F. Tichenor has assigned all his interest in the estate of his father, it is not proven that he is irresponsible or that the rent is not abundantly safe in his hands. Under the proof neither culpable negligence nor fraud, in the matter of these rents, can be attributed to Mr. Mockridge. James F. Tichenor was a co-executor, and himself bound to answer for the rent. As the case is presented, Mr. Mockridge was not obliged to collect from him and, indeed, had no power to do so. *Fennimore v. Fennimore, 2 Gr. Ch. 292.*

The rent was an asset that came to the hands of his co-executor, for which he has not been shown to be responsible. The general rule then must prevail that an executor, except he be guilty of culpable negligence or fraud, whereby an asset in the hands of a co-executor is lost or impaired in value, is not answerable for more of the estate than he receives. *Fennimore v. Fennimore, 2 Gr. Ch. 292 ; Wms. on Exrs. 1821 ; Schouler's Executors and Administrators § 402.*

The other appeal under consideration is by the executor James F. Tichenor from that part of the decree of the orphans court which charges him with the amount due upon a promissory note

and two drafts made or accepted by him and delivered to decedent. The note and drafts were in the possession of James H. Tichenor at his death, in June, 1883. It is apparent that if the testimony of James F. Tichenor, who was sworn as a witness in his own behalf before the orphans court, notwithstanding the objection of the exceptant, is not considered, the decree properly charged him with the amount due upon these instruments. But for the fact that the exceptant below, Francis M. Tichenor, is an executor of the estate of James H. Tichenor, and was called as a witness to prove the signature to the note and drafts and the possession of them by the decedent at his death, the case would be precisely within the ruling of this court and the court of errors and appeals in *Smith* v. *Burnet, 7 Stew. Eq. 219; S. C. on appeal, 8 Stew. Eq. 314.* It is claimed, however, that this case differs from *Smith* v. *Burnet* in that the exceptant, who was a co-executor with the accountant, was called as a witness in his own behalf and admitted, and that because the exceptant was sworn as a witness the accountant might lawfully be sworn and testify to any transaction with or statement by the testator, who was represented by the exceptant in the action. *Rev. 378 § 4.* The orphans court accepted this view of the case.

Although, in fact, the exceptant was one of the executors of the will of James F. Tichenor, he did not, in that character, present the exceptions. He was a devisee and legatee under the will, and expressly as such filed the exceptions. His *status* as a party to this proceeding is then as legatee and devisee, protecting his individual interests, and not as executor in the performance of official duty. *Hodge* v. *Corriell, 15 Vr. 457, affirmed on appeal, 17 Vr. 354.*

This being so, the case is within the ruling of *Smith* v. *Burnet,* and the testimony of James F. Tichenor was wholly incompetent. Eliminating this incompetent testimony from the case, the decree touching the note and drafts, is clearly correct and must be affirmed.